**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| BALWINDER SINGH, | No.   20-72335 |
| Petitioner, | Agency No. A206-088-069 |
| v. | |
| MERRICK B. GARLAND, Attorney General, | MEMORANDUM* |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted November 16, 2021**
San Francisco, California

Before:  SCHROEDER, W. FLETCHER, and MILLER, Circuit Judges.

Balwinder Singh, a native and citizen of India, petitions for review of a

decision of the Board of Immigration Appeals affirming an immigration judge's

decision denying his claims for asylum, withholding of removal, and protection

under the Convention Against Torture (CAT). We have jurisdiction under 8 U.S.C.

---

\*      This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\*      The panel unanimously concludes this case is suitable for decision without oral argument.  *See* Fed. R. App. P. 34(a)(2).

§ 1252, and we deny the petition for review.

"We review factual findings, including adverse credibility determinations, for substantial evidence." *Garcia v. Holder*, 749 F.3d 785, 789 (9th Cir. 2014). Under that standard, the agency's finding of fact is conclusive unless "any reasonable adjudicator would be compelled to conclude to the contrary." *Ren v. Holder*, 648 F.3d 1079, 1083 (9th Cir. 2011) (quoting 8 U.S.C. § 1252(b)(4)(B)). In assessing an adverse credibility finding, the court must look to the "totality of the circumstances[] and all relevant factors." *Alam v. Garland*, 11 F.4th 1133, 1137 (9th Cir. 2021) (en banc) (alteration in original) (quoting 8 U.S.C. § 1158(b)(1)(B)(iii)).

Substantial evidence supports the Board's determination that Singh was not credible. At Singh's hearing, he claimed for the first time that the police threated to file a false charge against him if he tried to report beatings he received from members of the Congress Party who opposed his involvement in the Akali Dal Mann Party. Though "mere omission of details is insufficient to uphold an adverse credibility finding," an adverse credibility finding may be warranted when an applicant presents new allegations that tell a "more compelling" story than his initial application. *Silva-Pereira v. Lynch*, 827 F.3d 1176, 1185 (9th Cir. 2016) (first quoting *Lai v. Holder*, 773 F.3d 966, 971 (9th Cir. 2014), and then quoting *Zamanov v. Holder*, 649 F.3d 969, 974 (9th Cir. 2011)). The agency was not

2

required to accept Singh's explanation that he was trying to be brief in his declaration and planned to provide more details at the hearing. *See Zamanov*, 649 F.3d at 974.

The agency also did not err in determining that Singh's speculation undermined his credibility. In response to questioning, Singh speculated that members of the Congress Party might have been responsible for a burglary of his wife's home. Singh explained on appeal to the Board that he had merely been "thinking out loud" and did not testify about the burglary earlier because he had no proof of the Congress Party's involvement. The Board did not err in rejecting Singh's explanation of a last-minute allegation that could be interpreted as an attempt to "artificially enhance [Singh's] claims of persecution." *Iman v. Barr*, 972 F.3d 1058, 1068 (9th Cir. 2020).

Finally, Singh's shifting testimony about his visa application damaged his credibility. At his hearing, Singh first testified that he had never applied for a visa to come to the United States. When presented with his visa application, Singh testified that he did not recognize himself in the photo. Later, he admitted that he had once gone to the United States embassy to apply for a visa, but he said that he could not remember whether he applied for the visa before or after he joined the Akali Dal Mann Party. Singh argues that his visa application is irrelevant to his claims of persecution, but the Board may support its adverse credibility finding

with "any" non-trivial inconsistency in the record. *Shrestha v. Holder*, 590 F.3d 1034, 1044 (9th Cir. 2010).

Although the adverse credibility finding sufficiently supports the denial of both asylum and withholding of removal, "[a]n adverse credibility determination is not necessarily a death knell to CAT protection." *Shrestha*, 590 F.3d at 1048. When an applicant has been deemed not credible, "country conditions alone can play a decisive role in granting relief under the Convention." *Mukulumbutu v. Barr*, 977 F.3d 924, 927 (9th Cir. 2020) (quoting *Kamalthas v. INS*, 251 F.3d 1279, 1280 (9th Cir. 2001)). Here, however, the evidence of country conditions submitted by Singh does not compel the conclusion that he is more likely than not to be tortured if returned to India.

**PETITION DENIED.**